[Civ. No. 12499–S.   Second Appellate District, Division One.—December 30, 1939.]

In the Matter of the Estate of PHILIP E. LAWRENCE, Deceased.   CHURCH HOME FOR CHILDREN OF THE PROTESTANT EPISCOPAL CHURCH IN THE DIOCESE OF LOS ANGELES et al., Appellants, v. CHARLES LAWRENCE et al., Respondents.

Ticknor & Maxwell for Appellant David and Margaret Home for Children, Inc.

Waldo & Waldo for Appellant Church Home for Children of the Protestant Episcopal Church in the Diocese of Los Angeles.

Thomas W. Cochran, E. D. Yeomans and David D. Stuart for Respondents.

THE COURT.—We are here confronted with a motion made by appellant David and Margaret Home for Children, Inc., for a dismissal of its appeal and for an order directing the lower court to enter a judgment for partial distribution in accordance with a stipulation signed by the aforesaid appellant and respondent heirs.

The case involves the respective claims of two charitable organizations, to wit, Church Home for Children of the Protestant Episcopal Church in the Diocese of Los Angeles, and David and Margaret Home for Children, Inc., as against the nine heirs at law of the decedent, Philip E. Lawrence.

By his last will, decedent provided that his estate in its entirety should be invested in a life annuity in favor of and

payable to his friend, one Walter C. Black, and that such contract of annuity should provide for repayment to the testator's executors of the principal unused in the payment of annuities, in the event of Black's death before all of the money to be used in purchasing the annuity was consumed under the contract, and that in the event that any such refund be made all of such money so refunded should be paid, share and share alike, to the two charitable corporations above named.

The annuitant, Black, predeceased the testator, and, after the will was duly probated and the time for notice to creditors had expired, the *heirs at law* petitioned the superior court sitting in probate for a distribution of the entire estate to the petitioning heirs. The two charitable corporations appeared in opposition to the petition and sought distribution to themselves, each claiming one-half of the estate. It might here be noted that the will in question was executed more than thirty days prior to the testator's death, and at no time does it appear that any question was raised concerning the contingent bequests of more than one-third of the estate to charity. (Sec. 41, Prob. Code.)

When the aforesaid petition of the heirs, the objections thereto, and the final account and petition for distribution "to persons entitled thereto" filed by the executors came on for hearing in April, 1939, the superior court made and entered its order and decree that neither of the charitable institutions were entitled to any part of the estate, and directed the distribution of the whole estate, with the exception of certain sums set aside for payment of inheritance taxes and other legal obligations, to the heirs at law. From this decree both of the above-mentioned charitable corporations appealed.

On August 8, 1939, and after the appeal had been taken, the appellant with whom we are here concerned, the David and Margaret Home for Children, Inc., entered into a compromise and settlement agreement with the heirs, by the terms of which it was agreed that the sum of $4,500 should be paid out of the assets of the estate to this one appellant, and in consideration thereof said appellant assigned to the heirs the balance of said estate over and above such $4,500 and agreed to dismiss its appeal. By subsequent stipulation

this settlement is conditioned upon an order being made prior to January 1, 1940, that the trial court enter an order of distribution in accordance with said prior stipulation. That said appellant may have had in mind the limitation imposed by Probate Code, section 41, appears probable because the amount agreed upon to be paid said appellant organization appears to be less than one-sixth of the value of the estate in its entirety, thereby affording consideration of the possibility that the other appellant charitable organization may be entitled to a like proportion. The final account of the executors shows the value of the estate to be about $31,500 for distribution, of which $18,500 is in cash, with the present amount of cash on hand apparently slightly in excess of $20,000.

After the consummation of the last-named agreement a petition was filed in the superior court seeking approval thereof and praying distribution of said sum of $4,500 to the appellant David and Margaret Home for Children, Inc., in accordance with the settlement. The other appellant, Church Home for Children, etc., appeared in opposition to said petition on the ground that a charitable organization has no power to compromise a contested claim. The record indicates that by reason of the attitude assumed by appellant Church Home for Children, etc., and its expressed intention to resort to every possible legal means to defeat the consummation of the compromise agreement, the superior court continued the matter until December 12, 1939, which date was one week after the day fixed for the hearing of the motion now before us, when the matter was before the Supreme Court and prior to its transfer to this court. The matter has since been continued by said superior court to a date on or about January 5, 1940.

While the matter was pending in the Supreme Court appellant David and Margaret Home for Children, Inc., on October 4, 1939, filed in the Supreme Court their stipulation with the heirs, requesting the Supreme Court to enter a judgment decreeing distribution of the said sum of $4,500 to the appellant David and Margaret Home for Children, Inc., in accordance with the above-mentioned agreement, and the sum of $5,500 cash to the heirs, making a sum total of $10,000. The opposing appellant filed an affidavit in opposition to any

such order, the substance of which affidavit was that appellant David and Margaret Home, etc., being a charitable institution, has no power to compromise and settle its claim against the estate, for the reason that it is merely a trustee for the charitable use of such funds and any power of compromise would rest with the orphans themselves who are the true beneficiaries. On this state of the record there is now before us the notice of motion filed by appellant David and Margaret Home, etc., and the respondent heirs, directed to the opposing appellant and to the executors, and praying "for an order directing the superior court . . . to distribute from the estate . . . the sum of $10,000 to the following persons and in the following amounts: The sum of $4,500 in cash to the David and Margaret Home for Children, Inc., and the sum of $5,500 in cash to the respondent heirs . . . ", all of which is in accord with the agreement and stipulation heretofore referred to.

█ From the foregoing we are impressed that as between the appellant David and Margaret Home, etc., and the respondent heirs, this case does not differ from any other case in which a judgment on appeal is requested pursuant to stipulation. The mere fact that there are other parties involved in the action cannot change the situation because such other parties are in no way involved in, nor will they be adversely affected by the settlement and distribution petitioned for if the same is made. Assuming that the motion now before us is granted, and the superior court is directed to distribute $10,000 out of the estate, there will still remain sufficient assets, including cash, with which to satisfy any possible legitimate claim of the opposing charitable organization, regardless of what disposition is made of its appeal from the order of the superior court directing distribution to the heirs.

In the event the decree of distribution as ordered by the superior court is finally affirmed, appellant David and Margaret Home, etc., under its stipulation, would be enriched $4,500, and in the event of reversal, said appellant would be deprived of any amount to which it might be entitled in excess of $4,500. █ With the wisdom of such a compromise we are not concerned, for the same is clearly a matter which can affect only the appellant named and the heirs.

Should we deny the present motion, or were we to submit the same, thereby delaying decision thereon subsequent to January 1st, the moving appellant herein would be deprived of the benefit of its compromise.

For the reasons herein stated, it is ordered that the motion of appellant David and Margaret Home for Children, Inc., and of the respondent heirs, for distribution to them in accordance with their stipulation for judgment heretofore referred to and filed in the Supreme Court in this matter October 4, 1939, be and the same is hereby granted, and the matter presented by appeal of said appellant David and Margaret Home for Children, Inc., is hereby remanded to the superior court with directions to that court to forthwith make and enter its decree herein directing distribution of the sum of $10,000 out of the assets of said estate in accordance with said stipulation. *Remittitur* herein to issue forthwith.